PER CURIAM:
The claimant brought this action for water damage to her home, which she alleges was caused by negligent road work on the part of the respondent. The Court is of the opinion that there is insufficient evidence of negligent conduct on the part of the respondent and denies the claim as stated more fully below.
The claimant is the owner of a home located approximately one mile northeast of Clay on WV Route 4 near the Elk River. She alleges that in July and August 1996, the porch and side steps sustained severe damage as a result of heavy water running from a ditch along Route 4 down to and around her dwelling. The claimant introduced into evidence a video tape and numerous photographs showing that one side of the porch was undermined and had to be rebuilt. The claimant submitted a repair estimate in the amount of $1,879.00. She testified that she spent $1,100.00 to repair the porch, but did not repair the steps.
The home is located on an incline, down-slope from Route 4. The evidence adduced at hearing was that the water damage occurred after two unusually heavy rains on or about July 17, 1997, and on or about August 1, 1996. The claimant testified that these rains were torrential and that flooding was widespread along the Elk River. The claimant alleges that the respondent dug the ditch sometime during the winter months of early 1996, and that the water damage had been occurring gradually prior to the two aforementioned rain storms.
The claimant introduced a video tape and several photographs, taken shortly after the damage occurred, indicating what appears to be a shallow ditch line along the shoulder. The respondent had placed gravel along the shoulder in the vicinity of the claimant’s home in June 1996. However, there was no evidence establishing that the respondent was responsible for digging a ditch which caused the damage to the claimant’s home.
While not unsympathetic to the claimant’s position, the Court is of the opinion that there is insufficient evidence of negligence upon which to justify an award. The Court cannot determine what, if any, conduct on the part of the respondent, contributed to the claimant’s water *99 damage. The Court concludes that the damage to the claimant’s property likely resulted from a combination of factors, primary among these being the heavy rainfall in the region. Burger vs. Dept. of Highways, 16 Ct. Cl. 41 (1986) Absent specific evidence of proximate cause on the part of the respondent, the Court is constrained by the evidence to deny the claim.
Claim disallowed.